IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARIO MANON,** | : | CIVIL NO. 1:CV-12-0844 |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **R. GARRISON,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Dario Manon ("Manon"), an inmate at the Federal Correctional Institution at Allenwood-Medium Security ("FCI Allenwood-Medium"), Pennsylvania, filed this civil rights action pursuant to 28 U.S.C. § 1331. Named as Defendant is R. Garrison, a correctional officer at FCI-Allenwood-Medium. Manon seeks leave to proceed in forma pauperis in this matter.[1] (Doc. No. 2.) Pursuant to 28 U.S.C. § 1915, the Court is required to examine the complaint for legal sufficiency and to dismiss a complaint if it is frivolous, malicious or fails to state a claim on which relief may be granted. For the reasons that follow, the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.      **Allegations of the Complaint**

Manon alleges that on several occasions Officer Garrison has made "sexual-oriented gestures and suggestions" toward him. (Doc. No. 1, Compl. at 2.) On one occasion he placed eggs in his trousers and told Manon to "go ahead and take them back." (Id.) Another time when

---

[1] Manon completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on May 7, 2012 (Doc. No. 7), directing the warden at FCI Allenwood-Medium to commence deducting the full filing fee from Manon's prison trust fund account. As such, his motion to proceed in forma pauperis (Doc. No. 7) will be granted.

Manon asked for a permanent marker, Garrison took the marker and slide it in and out of his mouth in front of him.  Manon also claims that Garrison has made inappropriate remarks about his good looks in front of other inmates.  As relief he requests that the Court bring sexual harassment charges against Garrison, as well as award him monetary relief in the amount of $10,000,000.00.  Manon has also filed a separate motion for temporary restraining order seeking to remove Garrison from his position at the prison and directing him to stay fifty (50) feet away from him at all times based upon the same claims set forth in the complaint.  (Doc. No. 4.)

**II.     Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis.  Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) <u>fails to state a claim on which relief may be granted</u>; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.)  Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ."  Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles.  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor.  See <u>Kanter v. Barella</u>, 489 F.3d 170, 177 (3d Cir. 2007)(quoting <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005)).  "The assumption of truth does not apply, however, to

legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Marangos v. Swett, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(citing Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., 120 S. Ct. at 1949 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

Manon's complaint contains allegations of verbal and sexual harassment. Mere words spoken to a prisoner by a correctional officer, even when those words are harsh, do not amount to a violation of the prisoner's civil rights by the officer. Johnson v. Glick, 481 F.2d 1028, 1033 n. 7 (2d Cir. 1973); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)(verbal harassment by threatening to hang an inmate is not sufficient to state a constitutional deprivation). "Standing

alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000). Accordingly, any claim of verbal assault fails to state a cognizable claim.

Additionally, Manon fails to state any claim under the Eighth Amendment for sexual harassment. While the United States Court of Appeals for the Third Circuit has not specifically addressed the circumstances under which a correctional officer can be held liable for the sexual harassment of an inmate, other circuits have addressed this issue. "To prevail on a constitutional claim of sexual harassment, an inmate must ... prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997). Although sexual abuse of a prisoner by a correctional officer serves no legitimate penological purpose, Farmer v. Brennan, 511 U.S. 825, 834 (1994), Courts of Appeals have held that sexual harassment in the absence of contact or touching does not establish excessive and unprovoked pain infliction. See, e.g., Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000)(Eighth Amendment is violated when an inmate endures verbal sexual harassment from prison guards plus physical sexual assault or threats of physical sexual assault); DeWalt, 224 F.3d at 612 (Mere verbal sexual harassment without accompanying physical contact is not enough to state a claim for Eighth Amendment violation); Murray v. United States Bureau of Prisons, 106 F.3d 401 (6th Cir. 1997)(offensive remarks regarding a transsexual prisoner's appearance, lifestyle, and presumed sexual preference do not state an Eighth Amendment claim); Morales v. Mackalm, 278 F.3d 126, 129 (2d Cir. 2002)(demand for sex in front of other female staff does not rise to the

level of an Eighth Amendment violation); Barney v. Pulsipher, 143 F.3d 1299, 1311 n. 11 (10th Cir. 1998)(severe verbal sexual harassment and intimidation are not sufficient to state a claim under the Eighth Amendment); Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006)(solicitation of prisoner's masturbation, even under the threat of retaliation, does not violate the Eighth Amendment).

While the behavior alleged by Manon on the part of Garrison may be reprehensible, without allegations of direct physical pain, it does not rise to the level of an Eighth Amendment violation.  Further, although deplorable, the sexual comments and gestures allegedly made by Garrison do not state a constitutional violation.  As such, any sexual harassment claim is not cognizable.  Accordingly, the instant complaint will be dismissed for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B)(ii).   An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARIO MANON,** | : | **CIVIL NO. 1:CV-12-0844** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **R. GARRISON,** | : | |
| **Defendant** | : | |

# ORDER

**AND NOW**, this 14th day of August, 2012, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is **granted**.

2. The complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Plaintiff's motions for temporary restraining order (Doc. No. 4) and motion for appointment of counsel (Doc. No. 12) are **denied as moot**.

4. The Clerk of Court is directed to **close this case**.

5. Any appeal taken from this order will be deemed frivolous, without probable cause and not taken in good faith.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania